### TAYLOR v NICKEL et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1123. Decided June 10, 1932

Baggott & Baggott, Dayton, and W. S. Shea, Dayton, for plaintiffs in error.

Carroll Sprigg, Dayton, and John P. Naas, Dayton, for defendant in error.

ALLREAD, PJ.

The case was tried in November, 1931, and resulted in a verdilt in favor of the plaintiff in the amount of $1800.00. A motion for a new trial was filed and overruled on December 8, 1931. At the time of the overruling of the motion one of the plaintiffs had died and the case was revived in the name of his administrator. There was no objection to the revivor and no exceptions saved. A petition in error has been filed in this court. A number of questions have been raised. The first is as to the right of the trial court to order the revivor. Counsel cite cases holding that there is no right of revivor in a case involving libel, slander, malicious prosecution or for a nuisance. We are of opinion that the case here involved is one capable of revivor, and that the judgment of the Court of Common Pleas in this respect is valid.

The next point of error is that wherein the counsel for the defendant undertook to prove that the dam in question had been erected by some other person upon the defendant's land. We are clearly of opinion that this was not competent so long as the defendant himself admitted that he had cut the roadway which was the cause of the precipitation of the water on the lands of plaintiffs. The objection to the cross examination of W. O. Pease is based upon a similar proposition and was properly overruled.

The next question relates to a proposed amendment. We are of opinion that the trial court was right on this subject, or at least did not abuse his discretion. There are a number of objections taken to the course of the trial in attempting to prove that the damage was caused by other persons than the defendant. We have examined this question in detail and have reached the conclusion that there was no prejudicial error on the part of the trial court: that the cause of action was complete and that it was proven that Taylor in the process of improving his addition cut the roadway through the rim and allowed the water upon the upper tenement to be precipitated down to and on the property of the plaintiffs.

We have examined all the questions presented and reach the conclusion that there is no prejudicial error so far as the introduction of evidence is concerned. In the charge the court took the view that the defendant Taylor, by his admission in his testimony showing that he had cut the roadway through the embankment, thereby allowing the flood waters to pass down on to the property of the plaintiffs, contained an admission of liability.

We therefore agree with the trial court that as a matter of law the defendant was liable leaving the amount thereof to be determined by the jury. As to the amount of the verdict, we hold that the same is supported by the testimony and is not manifestly contrary thereto. We therefore find that there is no prejudicial error for which the judgment should be reversed.

Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.

ON MOTION FOR REHEARING

Decided July 8, 1932

BY THE COURT

An application for rehearing on behalf of the defendants has been filed. It is claimed that there was a mistake in the opinion stating that the death of one of the defendants was suggested at the time of filing the motion for new trial. A reexamination of the record shows that the question was made at the time of the trial and appears in the bill of exceptions. The following colloquy took place between the court and counsel:

"BY THE COURT:
I believe the death of William Nickel suggested he is executor of one third. Is qualification of witness as executor of the estate of William Nickels admitted?
MR. SHEA:
Yes, we have no objection.
MR. NAAS:
It will save us calling someone from Probate Court.
MR. SHEA:
Yes, it may be admitted.
BY THE COURT: I will instruct the jury. The facts which are admitted by

counsel now do not require proof. Counsel has admitted qualification as executor under the will of his deceased brother."

* No objection was here made, the case proceeding and no request is found in the charge as to the amount of damages. We think, therefore, we are right in the opinion that no objection was made as to the fact of the death of one of the defendants. We do not, therefore, see how the question can be raised in this court unless a valid objection was made for the purpose of the damages coming to the deceased plaintiff.

We are clear, as stated in our opinion, that this objection is not valid as to the plaintiff even if the action should be held to be one for a nuisance. Disqualification would apply to the party who is committing the nuisance and not to the opposite party. We do not think however, that the action stated is one for nuisance.

We, therefore, adhere to our former decision.

Application for rehearing overruled.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.